UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JUSTAN ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:18-cv-00446-NT |
| | ) |
| PENOBSCOT COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDED DECISION**

This matter is before the Court on a filing of Plaintiff Justan Adams, which filing the Court construed as a motion to reopen the case. (ECF No. 6). As explained below, following a review of the pleadings, and after consideration of the filings, the recommendation is that the Court deny Plaintiff's motion.

**Background**

On October 19, 2018, Plaintiff filed this action against Defendant. (ECF No. 1.) On November 8, 2018, following a review in accordance with 28 U.S.C. § 1915(a)(A), I recommended the Court dismiss the matter. (ECF No. 2). The Court affirmed the Report and Recommended Decision on December 7, 2019 (ECF No. 3), and Judgment issued on the same date. (ECF No. 4).

**Discussion**

Federal Rule of Civil Procedure 60 governs the Court's consideration of Plaintiff's request for relief from judgment. Rule 60(b) authorizes the Court to relieve a party from a judgment on the grounds of "(1) mistake, inadvertence, surprise, or excusable neglect, (2)

newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been satisfied; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." A party must file the motion within a reasonable time, and for grounds 1 through 3, the party must file the motion within one year of the judgment. Fed. R. Civ. P. 60(c)(1).

While Plaintiff appears to reiterate some of the same concerns he asserted in his complaint, Plaintiff has not alleged facts that would support relief from judgment under Rule 60. That is, Plaintiff does not assert facts that could reasonabley be construed as a mistake, newly discovered evidence, or fraud as grounds for relief. In addition, Plaintiff does not argue that the Judgment is void, that the Judgment has been satisfied, or that a related judgment has been reversed or vacated. Finally, Plaintiff's contentions, which appear to consist of many of the same assertions he made in the original complaint, do not constitute any "other reason that justifies relief."[1] Plaintiff, therefore, has not asserted grounds for which relief from judgment is available.

---

[1] Examples of "other" reasons justifying relief under Rule 60(b)(6) include "settlement agreements when one party fails to comply," "fraud by the party's own counsel, by a codefendant, or by a third-party witness," and, most commonly, failure of the losing party "to receive notice of the entry of judgment in time to file an appeal." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure Civ. § 2864 (3d ed. 2012).

## Conclusion

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion to reopen the case.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of May, 2019.