UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JUSTAN ADAMS,                      )
                                   )
          Plaintiff,               )
                                   )
     v.                            )          1:18-cv-00446-NT
                                   )
PENOBSCOT COUNTY JAIL,             )
                                   )
          Defendant.               )

## RECOMMENDED DECISION ON MOTION TO REOPEN

This matter is before the Court on a filing of Plaintiff Justan Adams, which filing

the Court construed as a second motion to reopen the case.  (ECF No. 8).  As explained

below, following a review of the pleadings, and after consideration of the filing, I

recommend the Court deny Plaintiff's motion.

## Background

On October 19, 2018, Plaintiff filed this action against Defendant. (ECF No. 1.)  On

November 8, 2018, following a review in accordance with 28 U.S.C. § 1915(a)(A), I

recommended the Court dismiss the matter.  (ECF No. 2).  The Court affirmed the Report

and Recommended Decision on December 7, 2019 (ECF No. 3), and Judgment entered on

the same date.  (ECF No. 4).

## Discussion

Federal Rule of Civil Procedure 60 governs the Court's consideration of Plaintiff's

request for relief from judgment.  Rule 60(b) authorizes the Court to relieve a party from a

judgment on the grounds of "(1) mistake, inadvertence, surprise, or excusable neglect, (2)

newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been satisfied; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." A party must file the motion within a reasonable time, and for grounds 1 through 3, the party must file the motion within one year of the judgment. Fed. R. Civ. P. 60(c)(1).

Plaintiff has not asserted facts that could reasonably be construed as a mistake, newly discovered evidence, or fraud as grounds for relief. In addition, Plaintiff has not argued that the Judgment is void, that the Judgment has been satisfied, or that a related judgment has been reversed or vacated. Finally, Plaintiff's contentions do not constitute any "other reason that justifies relief."[1] Plaintiff, therefore, has not asserted grounds for which relief from judgment is available.

As Plaintiff's filing reflects, Plaintiff has recently filed a number of documents in connection with dismissed cases. (ECF Nos. 8-1 – 8-6.) In addition, within the last two years, the Court has dismissed three other cases in which Plaintiff has filed motions to

---

[1] Examples of "other" reasons justifying relief under Rule 60(b)(6) include "settlement agreements when one party fails to comply," "fraud by the party's own counsel, by a codefendant, or by a third-party witness," and, most commonly, failure of the losing party "to receive notice of the entry of judgment in time to file an appeal." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure Civ. § 2864 (3d ed. 2012).

reopen,[2] and within the last ten years the Court has dismissed or entered summary judgment against Plaintiff in more than ten other cases.[3] None of Plaintiff's motions to reopen have merit. Given Plaintiff's many filings that lack merit, an order informing Plaintiff that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993) is warranted.

## Conclusion

Based on the foregoing analysis, I recommend the Court deny Plaintiff's second motion to reopen the case. I also recommend the Court issue an order informing Plaintiff that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[2] The other cases consist of *Justan Adams v. Randy Adams, et al.,* 1:17-cv-00200-GZS; *Justan Adams v. Poland Spring Water Co.,* 2:17-cv-00355-DBH; and, *Justan Adams v. Eastern Maine Hospital, et al.,* 1:19-cv-00030-GZS.

[3] Plaintiff has filed and the Court has dismissed the following cases: *Justan Adams v. State of Maine, et al.,* 1:09-cv-00304-JAW; *Justan Adams v. State of Maine,* 1:10-cv-00082-JAW; *Justan Adams v. Penobscot County Jail Officer, et al.,* 1:12-cv-00219-NT; *Justan Adams v. David Miller, et al.,* 1:13-cv-00413-JAW; *Justan Adams v. State of Maine,* 1:14-cv-00043-JAW; *Justan Adams v. Dennis Townstead, et al.,* 1:14-cv-00049-JAW; *Justan Adams v. Valerie Bragg,* 1:14-cv-00063-JAW; *Justan Adams v. State of Maine Society Office, et al.,* 1:14-cv-00064-JAW; *Justan Adams v. State of Maine Co Workers, et al.,* 1:14-cv-00072-JAW; *Justan Adams v. Randy Adams, et al.,* 1:17-cv-00200-GZS; *Justan Adams v. Penobscot County Jail,* 1:18-cv-00446-NT; and *Justan Adams v. Eastern Maine Hospital, et al.,* 1:19-cv-00030-GZS.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of June, 2019.